IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DERRICK ELLIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-0002 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff, Derrick Ellis, a state inmate filed this action under 42 U. S.C. § 1983 against several Defendants, including: Corrections Corporation of America ("CCA"), Damon Hininger, Arvil Chapman, Daniel Pritchard, Wendy Ashe and Jessica McElroy. In sum, Plaintiff alleges that for almost two months the Defendants denied him medical care for his severe abdominal pains caused by his colitis.

Before the Court is the motion for partial dismissal (Docket Entry No. 19) filed by CCA, Damon Hininger, Arvil Chapman, Daniel Pritchard, Wendy Ashe and Jessica McElroy. These Defendants contend that Plaintiff's complaint fails to state claims against them as supervisors and CCA as the employing entity.

According to his complaint, Plaintiff experienced severe abdominal pain caused by colitis. (Docket Entry No. 1, Complaint at 2 ¶¶ 1-10). Plaintiff's factual allegations are as follows:

1. On or about November 10th 2013, plaintiff began experiencing severe abdominal pain caused by a predetermined colitis diagnosis.

2. On November 11th 2013, plaintiff filed a sick call due to the pain being

experienced causing plaintiff to be unable to perform his daily activities.

3. **On November 14th 2013, plaintiff filed a second sick call, filed a grievance about the denial of medical treatment and wrote Wendy Ashe, Health Administrator, a letter informing her of the medical problems plaintiff was having.**

4. For approximately 1 week following the actions taken by plaintiff on 11/14/13, plaintiff had C/O Edwards check the sick call list to see if plaintiff had been placed on the list to be seen by medical. Plaintiff was never called to medical and was told that the medical staff decides what issues warrant being seen.

5. **On or about November 21st 2013, plaintiff filed a second grievance based on the denial of medical treatment and the fact that Jessica McElroy had not called plaintiff to the grievance board about the plaintiff's previous grievance.**

6. On December 5th 2013, well beyond the 7 days to respond to a grievance pursuant to TDOC policy 501.01 Section 6 (c)1, plaintiff was called to the grievance board, only to find out that the grievance had been appealed without notifying plaintiff by Jessica McElroy on 11/26/13, who claimed that plaintiff had been called to grievance but was out to court which is completely false. Plaintiff had been out to court from October 29th 2013 until November 4th 2013 prior to any action on this matter.

7. **On December 5th 2013, plaintiff also was informed that the warden, Avril Chapman had concurred with Wendy Ashe and Jessica McElroy through the appeal process without plaintiff ever being present to appeal or be made aware of the grievance decision.**

8. **On December 5th 2013, plaintiff appealed the decisions of Wendy Ashe, Jessica McElroy, and Avril Chapman to the Commissioner of the Tn. Department of Corrections.**

9. On December 19th 2013, the Deputy Commissioner of Operations reviewed the grievance and ordered that the plaintiff be seen by the medical provider. **The deputy commissioner did not concur with the decisions made by the staff at South Central Correctional Facility, a division of Corrections Corporation of America, and contract agent of the defendant Tn. Dept. of Corrections.**

10. **Approximately 50 days have elapsed since plaintiff started to experience**

> the severe abdominal pain associated with colitis without being called to medical in spite of the multiple sick calls, grievances and letters to the health administrator. Additionally the staff has not complied with the orders of the Deputy Commissioner pursuant to TDOC policy 501.01 section 6 (c)3.

(Docket Entry No. 1 at 2) (emphasis added).

To state a claim "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The alleged facts must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Factual allegations must be viewed "in the light most favorable to the plaintiff" and the Court must construe "all well-pleaded factual allegations as true." Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). Pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972).

In his Eighth Amendment claim, Plaintiff must allege acts or omissions evincing deliberate indifference by prison officials to Plaintiff's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A plaintiff must show that the prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This is a subjective standard, under which the prison official must actually be aware of the risk. Id. A plaintiff must show both that prison officials were aware of facts from which an inference could be drawn that there was a substantial risk of serious harm, and that the prison officials in fact drew such an inference. Id.

"[W]here the allegation of liability is based upon a mere failure to act . . . the supervisors must have actively engaged in unconstitutional behavior." Gregory v. Louisville, 444 F.3d 725, 751

3

(6th Cir. 2006).

> The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees. Further, a claim of failure to supervise or properly train under section 1983 cannot be based on simple negligence. A failure of a supervisory official to supervise, control, or train the offending individual employees is not actionable absent a showing that the official either encouraged or in some way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved[,] or knowingly acquiesced in the unconstitutional conduct of the offending employees.

Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). "Any failure of these defendants to follow grievance procedures does not give rise to a § 1983 claim." McGee v. Grant, No. 88-1842, 1988 WL 131414, 863 F.2d 883, at *1 (6th Cir. Dec. 9, 1988).

Here, Plaintiff does not allege that Defendants Hininger or Pritchard "actively participated" in the alleged denial of medical care. Thus, the motion filed by the Defendants Hininger and Pritchard, should be granted. Yet, Plaintiff expressly alleges that aside from his grievance, Plaintiff wrote Defendant Ashe a letter informing her of his need for medical care for severe abdominal pain In addition, as heath administrator, Defendant Ashe had direct responsibility for Plaintiff's medical care. As to Defendants Chapman and McElroy, Plaintiff alleges facts that these Defendants delayed his grievance necessary to secure his medical care. Plaintiff alleges that Defendants McElroy, Chapman and Ashe ignored the directive of the Deputy Commissioner for the Tennessee Department of Corrections to provide medical care to Plaintiff. The motion to dismiss the Defendants Chapman, Ashe and McElroy should be denied.

As to Plaintiff's claim against CCA, the standards for evaluating Section 1983 claims against municipal or county liability apply to private corporations that operate prisons. Miller v. Calhoun County, 408 F.3d 803, 813 (6th Cir. 2005). To impose liability under § 1983 upon a municipality,

therefore, a plaintiff must show that some policy or custom of the municipality was the moving force behind the alleged constitutional deprivation. Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 691 (1978). Yet, as the Health Administrator, Defendant Ashe alone could plausibly be found to be CCA's policymaker on health issues at its South Central facility. The act of a single policy maker can be sufficient to impose liability upon CCA. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Moreover, aside from the grievance, Plaintiff alleges that the Defendants Chapman, McElroy and Ashe refused to honor the directive of the Deputy Commissioner's to provide Plaintiff medical care. As the alleged decision makers for CCA on medical care, these individual Defendants may also represent the policymakers for CCA at its South Central facility. Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).

For these reasons, the motion to dismissed filed by Defendants Chapman, McElroy, Ashe and CCA should be denied.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the _2nd_ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court