```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        COLUMBIA DIVISION
```

DERRICK ELLIS,                      )
                                    )
      Plaintiff              )
                                    )   No. 1:14-0002
v.                                  )   Senior Judge Haynes/Brown
                                    )   **Jury Demand**
CORRECTIONS CORPORATION OF          )
AMERICA, *et al.*,                  )
                                    )
      Defendants             )

TO:  THE HONORABLE WILLIAM J. HAYNES, JR.

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey court orders, and that any appeal from the dismissal not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed his case *in forma pauperis* on January 2, 2014 (Docket Entry 1). After a review by then Chief Judge Haynes the Plaintiff was permitted to proceed *in forma pauperis* on his claims of inadequate medical care by Corrections Corporation of America (CCA) and several of its employees (Docket Entry 3). In the order Chief Judge Haynes stated "He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the clerk's office informed of his current address."

The Plaintiff returned service packets and service of process was directed on various of the Defendants as of February 3, 2014. The Plaintiff remained in contact with the Court for some time. He requested appointment of counsel in February 2014 (Docket

Entry 16), which was denied on February 25, 2014 (Docket Entry 17). On April 29, 2014, the Plaintiff filed a motion to amend his complaint (Docket Entry 41). The motion was denied on May 20, 2014 (Docket Entry 46).

On December 30, 2014 (Docket Entry 50), the Defendant Ashe filed a motion to compel the Plaintiff to respond to discovery requests, requests for admissions, and medical releases which were served on him by mail on November 13, 2014, at his address at South Central Correctional Facility (SCCF). The Plaintiff failed to respond to this motion.

On January 12, 2015, Senior Judge Haynes referred the matter to a Magistrate Judge for case management and a decision on any dispositive matter (Docket Entry 51). The matter was assigned to the undersigned after Magistrate Judge Bryant recused himself (Docket Entry 53). A Rule 16 case management conference was set in the matter for February 5, 2015, by the undersigned in an order entered January 16, 2015 (Docket Entry 56).

An order was entered for the SCCF to produce the Plaintiff for the hearing (Docket Entry 55). Charles F. Bevels of the Tennessee Department of Corrections notified the Court by email on January 26, 2015, that the Plaintiff was paroled on November 6, 2014.

At the appointed time for the case management conference the Plaintiff did not appear. Counsel for the Defendants advised that it was their understanding that mail sent to the Plaintiff

2

after he was released would be forwarded to either the person he listed as an emergency contact, or to the inmate if he provided a forwarding address. None of the mail sent to the Plaintiff has been returned as undelivered.

## LEGAL DISCUSSION

A dismissal with or without prejudice is a drastic remedy and before the court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dilatory conduct of the party;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) where the less drastic sanctions were imposed or considered before dismissal was granted.
>
> *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was warned at the onset of the case that failure to keep a current could jeopardize his prosecution of the matter. In this case the Plaintiff has failed to provide the Court with a current address. His failure to do so appears willful. The Plaintiff failed to respond to discovery requests which are vital to the Defendants' ability to defend in the matter. There has been no activity by the Plaintiff in this matter since April 29, 2014, when he requested leave to file an amended complaint (Docket Entry

41). Plaintiff failed to attend the scheduled case management conference on February 4, 2015.

Under these circumstances, the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962). The Plaintiff is presently out of touch with the Court, has failed to respond to discovery requests and to attend a scheduled case management conference. Defendants are prejudiced in that they are unable to obtain any response to their discovery requests.

The Magistrate Judge has considered the less drastic sanctions of dismissal without prejudice rather than dismissal with prejudice and will recommend the lesser sanction.[1]

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute. The Magistrate Judge further recommends that any appeals on this dismissal not be certified as taken in good faith.

---

[1]Even though the dismissal is without prejudice, statute of limitation issue may prevent a refiling of a similar complaint.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTER** this 5th day of February, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge